**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| **LESLIE WATFORD,** | |
| Plaintiff, | |
| **v.** | **Case No.**   3:26-cv-02309-MGL |
| **CIRCLE K STORES, INC.,** | |
| Defendants. | **Jury Trial Demanded** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, above-named, complaining of Defendant above named, and does allege and show unto this Honorable Court as follows:

1.      Plaintiff is a citizen and resident of the County of Lexington, State of South Carolina.

2.      Upon information and belief, Defendant Circle K Stores, Inc. (hereinafter "Circle K") is a corporation organized and exiting pursuant to the laws of a state other than South Carolina

3.      Upon information and belief, Circle K owns, manages, controls, and/or operates a Circle K convenience store located at 1259 Chapin Rd, Lexington, South Carolina and transacts significant business in the County of Lexington, State of South Carolina.

4.      The causes of action complained of herein occurred at Circle K property located in the County of Lexington, State of South Carolina.

5.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C §1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant,

1

*Leslie Watford v. Circle K Stores, Inc.*
COMPLAINT

and the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interest.

6.     Venue is proper with this Court as the events complained of occurred in the County of Lexington, State of South Carolina.

## FACTS

7.     At all times relevant herein, Plaintiff was an invited business guest on Defendant's Circle K and was invited to visit the premises to purchase goods and otherwise do business with Defendant.

8.     On or about November 19, 2023, at approximately 11:50 AM, Plaintiff was an invited business guest on the premises of Defendant and was shopping for and/or buying goods sold by Defendant.

9.     Plaintiff parked her car in Defendant' parking lot and then entered the store to purchase merchandise.

10.     After completing her business at Defendant's Circle K, Plaintiff walked through the parking lot toward her vehicle.

11.     As Plaintiff walked toward her vehicle, she stepped onto an area of concrete in the parking lot that was soaked, covered and contaminated with oil, petroleum product, grease, slippery residue, and/or another foreign substance.

12.     The oil-soaked concrete created an unreasonably dangerous condition on the walking surface used by Circle K customers.

13.     The unreasonably dangerous condition was located in an area where Circle K knew or should have known customers would walk when entering, exiting, or traversing the Defendant's Cricle K.

2

14.	Plaintiff did not appreciate the slip hazard created by Circle K as it was not obvious to her and she was not warned of the hazard. Therefore, Plaintiff had no reason to anticipate that there was a slip hazard on the ground in the path of the ambulating public.

15.	By reason and in consequence of the aforesaid acts and/or omissions of Defendant, Plaintiff sustained serious personal injuries; her injuries were of such a nature as to require her and will in the future require her to expend monies for hospitalization, doctor's care, and other medical necessities; she has suffered permanent physical impairment to her body; that at all times since the accident, Plaintiff has suffered and will continue to suffer great pain.

## <u>FIRST CAUSE OF ACTION</u>
(Negligence)

16.	The allegations contained in Paragraphs 1 through 8 are incorporated herein by reference as fully as if set forth herein verbatim.

17.	Plaintiff was an invitee at Defendant's location.

18.	Defendant owed a duty to warn Plaintiff of hidden dangers of which Defendant knew, should have known, or in the exercise of reasonable inspection of the premises could have known.

19.	Defendant further owed the duty to have the premises in a reasonably safe condition and give warning of latent or concealed perils.  Defendant owed a duty of due care to discover risks and take safety precautions to warn of or eliminate foreseeable risks.  Plaintiff was entitled to expect Defendants would take reasonable care to know the actual condition prevailing at the time he was on the premises and make those conditions safe.

20.	Defendant had actual or constructive notice of the hazard which Plaintiff encountered through no fault of her own.

3

21.    Defendant was negligent, grossly negligent, wanton, reckless, and breached their duties to Plaintiff in the following particulars:

    a.  Failing to maintain the premises;

    b.  Failing to exercise due care in the maintenance of the premises;

    c.  Failing to adhere to Defendant's internal policies and procedures;

    d.  Failing to adhere to industry standards;

    e.  Failing to do what a reasonable person or entity would have done under the circumstances;

    f.  Failing to place signs in a conspicuous place and manner to warn Plaintiff;

    g.  Failing to warn of the dangerous and concealed condition;

    h.  Failing to take action to correct known problems;

    i.  Failing to inspect the premises; and

    j.  In such particulars as may be found through discovery or trial.

All of which were the direct and proximate cause of the damages and injuries suffered by Plaintiff herein, said acts being in violation of the statutory and common law of the State of South Carolina.

22.    As a direct and proximate result of the aforesaid negligent, grossly negligent, careless, and reckless acts and omissions of Defendant, Plaintiff suffered from severe debilitating injuries including but not limited to:

    k.  Physical pain;

    l.  Suffering;

    m.  Mental anguish;

4

n.  Emotional distress;

o.  Permanent impairment of health and body efficiency;

p.  Loss of enjoyment of life;

q.  Increased susceptibility to future injury;

r.  Substantial expenses for medical services;

s.  Such other particulars as may be found through discovery or trial.

23.  Plaintiff had no knowledge or reason to suspect danger with regard to the defect contained on the premises.  In addition, she exercised ordinary care for herself at all times.

24.  Defendant should have anticipated that Plaintiff would encounter the unreasonably dangerous conditions or should have known the Plaintiff was likely to be distracted.

25.  Defendant is liable to Plaintiff, and she is entitled to actual and punitive damages as well as all other relief that may be proper.

WHEREFORE, Plaintiff prays to this Honorable Court that he may recover judgment against Defendant as follows:

a.  For actual and punitive damages in an amount to be determined by the trier of fact; and

b.  For such other and further relief as this Honorable Court may deem just and proper.

### **JURY DEMAND**

26.  Plaintiff demands a trial by jury on all issues so triable.

(signature page to follow)

5

*Leslie Watford v. Circle K Stores, Inc.*
COMPLAINT

**MORGAN & MORGAN**

s/ Joseph Sandefur
Joseph S. Sandefur, Esq.
Fed Bar No.: 10238
11915 Plaza Dr Suite 301
Murrells Inlet, SC 29576
Telephone (843) 973-5196
Facsimile (843) 973-5221
Email: jsandefur@forthepeople.com
Attorney for Plaintiff

And

**MCKAY LAW**

s/ Gorden "Randy" McKay
Gorden "Randy" McKay
1204 Lexington Avenue
Suite 1-A
Irmo, South Carolina 29063
Phone (803) 563-7080
Bar Number: 8757
Email: randy@mckayinjurylawyer.com
Attorney for Plaintiff

June 11, 2026
Murrells Inlet, South Carolina

6

*Leslie Watford v. Circle K Stores, Inc.*
COMPLAINT